# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID DIAZ, an individual, on behalf of himself and all members of the putative class,**<br><br>Plaintiff,<br><br>v.<br><br>**SUN-MAID GROWERS OF CALIFORNIA, a California Corporation; and Does 1 through 100, inclusive,**<br><br>Defendants. | 1:19-CV-00425-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION PREFERENCE, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>(ECF Nos. 5, 13, 14, and 15) |

## I. INTRODUCTION

Defendant Sun-Maid Growers of California, a California corporation, and Does 1 through100, inclusive (collectively, "Defendant"), removed from California state court a labor law action brought by David Diaz ("Plaintiff") on his own behalf and as representative of a putative class. ECF No. 1. The action presents one claim, under California's Private Attorney General Act ("PAGA"), which Plaintiff now requests to amend in order to plead a solely state law cause of action. ECF Nos. 1 at 13-17, 13-1 at 1. Defendant opposes and moves to dismiss the action, alleging improper claim splitting. ECF No. 16. The Court finds it appropriate to rule on Plaintiff's and Defendant's motions without oral argument. *See* Local Rule 230(g). For the following reasons, Plaintiff's motion to amend is GRANTED and Defendant's motion to dismiss is DENIED as moot.

## II. BACKGROUND

The current matter before the Court arises from the second of two actions brought by Plaintiff

against Defendant. ECF No. 1 at 2. On December 14, 2018, Plaintiff filed his first action in state court, alleging various violations of California's Labor Code and Business and Professions Code by Defendant. *Id*. Defendant removed that case from state court, which is currently Case No. 1:19-cv-00149-LJO-SKO in this District Court. *Id*. Plaintiff filed a motion to remand, which the Court denied. ECF No. 13-1 at 2. The Court's denial was based on its finding that one cause of action in Plaintiff's first complaint is preempted under § 301 of the Labor Management Relations Act ("§ 301," "LMRA"), 29 U.S.C. § 185. *Id*.

While Plaintiff's motion to remand was pending, Plaintiff filed the instant action—his second—in state court, alleging a single claim under California's PAGA. ECF No. 1 at 2. Defendant removed the case from state court and filed a motion to dismiss on April 10, 2019. ECF Nos. 1 at 2, and 5. Defendant's removal in the instant action was predicated on § 301 preemption, and Defendant's current motion to dismiss argues that Plaintiff's second action violates the doctrine against claim splitting. ECF Nos. 1 at 2, 5-1. Plaintiff filed his opposition to dismissal on April 24, 2019, and Defendant filed a reply on May 1, 2019. ECF Nos. 10, 11.

On May 6, 2019, Plaintiff filed a motion requesting leave to amend, as he was beyond the date for amendment as a matter of course, according to his calculation. ECF No. 13-1. Plaintiff filed simultaneously a notice of motion preference, asking this Court to decide his motion to amend before deciding Defendant's earlier-filed motion to dismiss. ECF Nos. 14, 15.[1] Plaintiff seeks to amend his sole cause of action to plead an exclusively state-law cause of action, based on the Court's decision denying remand in his first action. ECF No. 13-1 at 2. Defendant opposes both amendment of the complaint and Plaintiff's motion preference. ECF Nos. 16, 17. The Court now examines the pending motions to dismiss and amend, as well as the motion preference request. ECF Nos. 5, 13, 14, 15.

---

[1] Two docket entries appear for the same request, both entered on May 8, 2019. The first, ECF No. 13, is docketed as "Motion Plaintiff's Request for Motion Preference." The second, ECF No. 14, is docketed as "Request for Plaintiff's Request for Motion Preference."

2

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint once as a matter of course within certain time constraints; after the prescribed time has lapsed, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. The rule, however, directs that courts "should freely give leave [to amend] when justice so requires." *Id*. The Ninth Circuit has stated that the policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted).

In considering whether to permit amendment under the court's discretion, a court evaluates the matter with the following as a guide:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*In re Tracht Gut, LLC*, 836 F.3d 1146, 1151-52 (9th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). In determining the propriety of a motion to amend under these factors, generally "all inferences" are made "in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### IV. DISCUSSION

Plaintiff opposes Defendant's attempt to have this action dismissed for impermissible claim splitting, and he requests that his motion to amend his complaint be decided prior to Defendant's motion. ECF Nos. 10, 14, 15. Defendant counters that "logic and fairness dictate" that its earlier-filed motion be decided first. ECF No. 17 at 3.

3

The Court decides Plaintiff's motion to amend before Defendant's motion to dismiss. Among other reasons, including judicial efficiency, the motion to amend raises jurisdictional issues that must be decided before any other issues are addressed. *See, e.g., Ohan v. AmeriFirst Fin., Inc.*, No. CV148380MWFAGRX, 2015 WL 13757759, at *2 (C.D. Cal. Jan. 20, 2015). Amendment of the type requested by Plaintiff does not divest this Court of jurisdiction; however, it raises a question whether this Court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349-352 (1988).

For the following reasons, the Court grants Plaintiff leave to amend his complaint and denies Defendant's motion to dismiss as moot.

**A.     The Motions to Dismiss and Amend**

Plaintiff's request to have his motion to amend decided before Defendant's motion to dismiss requires the Court to examine the factors informing a court's discretionary grant of leave to amend, as outlined in section III above, which encompasses the allegation of impermissible claim splitting.

The Ninth Circuit summarizes the factors a court is to consider when weighing a request as: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; and 4) futility (collectively, "*Foman* factors"). *In re Tracht Gut, LLC*, 836 F.3d at 1152. The Court will examine each factor within the policy context already explained, under which courts are to apply "with extreme liberality" the portion of Fed. R. Civ. P. 15 permitting leave to amend outside the initial amendment window "when justice so requires." *Eminence Capital, LLC*, 316 F.3d at 1051.

**1.     Futility**

The Court dispenses with the futility factor immediately. Amendment of Plaintiff's second action removes a potentially preempted federal claim[2] and leaves Plaintiff with a cause of action, grounded in

---

[2] The Court has not been asked to decide whether Plaintiff's cause of action in this action, as pled, is preempted under the reasoning of the Court's decision in Plaintiff's first action.

4

state law, upon which relief may be granted. Defendant concedes as much. ECF No. 16. Accordingly, amendment of the complaint is not futile.

### 2. **Bad Faith and Undue Delay**

Under the circumstances of this action, the Court's analysis of bad faith and undue delay are interconnected. Plaintiff's instant action was filed in state court on February 22, 2019, while Plaintiff's motion to remand his first action still was pending before this Court. Plaintiff had a good-faith basis to believe that his first action would be remanded to state court, where he filed his second action: this Court, and other district courts, had ruled in favor of Plaintiff's position in prior cases, holding that overtime claims based on certain California laws were not preempted under § 301 of the LMRA, even when a qualifying collective bargaining agreement existed. *See Diaz v. Sun-Maid Growers of California*, No. 1:19-CV-00149-LJO-SKO, 2019 WL 1785660 (E.D. Cal. Apr. 23, 2019). After Plaintiff filed his first action, and shortly before he filed his second, the Ninth Circuit decided the case of *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019). *Curtis* was the basis for the Court's decision finding § 301 preemption in Plaintiff's first action and denying Plaintiff's request to remand. *Diaz*, No. 1:19-CV-00149-LJO-SKO, 2019 WL 1785660, at *7.

The timeline of events is important to the analysis here. The Court's decision finding preemption in Plaintiff's first action was issued on April 24, 2019—well after Plaintiff had filed his second action in state court. *Diaz*, No. 1:19-CV-00149-LJO-SKO, 2019 WL 1785660. Plaintiff's subsequent requests for leave to amend both this action and his first were filed on May 6, 2019, promptly after the Court issued its decision in the first case. ECF No. 13-1 at 4. The Court does not see any undue delay in Plaintiff's request to amend under the circumstances presented here, which is further reinforced by the Ninth Circuit's pronouncement that leave to amend may be granted "where the controlling precedents change midway through the litigation." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013).

Bad faith has been construed by the Ninth Circuit as a plaintiff "merely [ ] seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc.,* 170 F.3d 877 (9th Cir. 1999). Such dilatory tactics are not evinced by Plaintiff's second complaint, and in fact, Defendant does not contend that Plaintiff's PAGA claim constitutes a baseless legal theory intended to prolong litigation. ECF No. 16. Instead, Defendant argues that the claim violates the doctrine against claim splitting. *Id*. That allegation, however, is markedly different from an allegation of bad faith.

Defendant also claims that Plaintiff's request to "excise the portions of his complaint that relate to the preempted overtime allegations" amounts to improper forum shopping. ECF No. 16 at 4. The Court disagrees. A plaintiff is generally considered the master of his or her complaint and may freely choose to plead state law causes of action only, even where viable claims under federal law may exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). A plaintiff may not, however, "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim," *Paige v. Henry J. Kaiser Co.*, 826 F2d 857, 860 (9th Cir. 1987), or attempt to cloak a federal claim in "state law garb" in order to evade appropriate review. *Alaska Airlines v. Schurke*, 898 F.3d 904, 951 (9th Cir. 2018).

As explained already, the district courts have been split in answering the question of preemption as it relates to overtime claims brought under California law when a qualifying CBA exists. *Diaz*, No. 1:19-CV-00149-LJO-SKO, 2019 WL 1785660, at *4-5. By excising the portion of his claim that may be preempted by federal law, Plaintiff acts as master of his complaint. The danger of Plaintiff evading federal review through a pleading that masks the nature of his claim is avoided through Plaintiff's proposed amendments. Moreover, Plaintiff could not have anticipated the Ninth Circuit's decision in *Curtis* or how that decision would affect this Court's review of his motion to remand. For these reasons, the Court finds no undue delay in Plaintiff's request to amend, which is his first request to amend, and similarly finds no bad faith in the request.

### 3. **Prejudice**

The Court next considers the fourth factor informing the determination of permissive leave to amend: prejudice to the opposing party. "As [the Ninth Circuit] and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight" in a court's analysis to grant leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis original).

Prejudice to the opposing party may be found where, for example, the amendment would require additional discovery after the close of discovery or relitigation of issues previously decided. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990); *see also Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 767 (9th Cir. 2015). Prejudice is not found where the opposing party "should be 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain the same." *Sonoma Cty. Ass'n of Retired Employees*, 708 F.3d at 1118.

Defendant does not contend that it will be prejudiced by Plaintiff's amendment, and the Court sees no danger of prejudice as it is defined in case law. The excision of part of a claim will not require Defendant to provide additional discovery or to relitigate issues settled previously, and both the theory and operative facts of the claim remain the same. Accordingly, the Court finds no prejudice to Defendant arising from Plaintiff's request to amend his complaint.

### B. **Defendant's Reliance on *Barnes v. District of Columbia***

The Court briefly examines the single case cited by Defendant in support of its contention that the motion to dismiss should be decided first because it was filed first in time. In that case, *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 113 (D.D.C. 2014), the defendant filed a motion to dismiss certain claims by plaintiff, which was never opposed. Some fifty-one days after the filing of the motion to dismiss, the plaintiff filed a motion requesting leave to amend its complaint to remove all federal causes of action and to remand the remaining claims. *Barnes*, 42 F. Supp. 3d at 113. Because the

plaintiff never opposed the motion to dismiss, the court deemed it conceded under local rules. *Id*. at 116-17. The court dismissed with prejudice certain claims—the ones giving rise to federal jurisdiction—but also granted the plaintiff's motion to amend, remanding the case to the local court of the District of Columbia. *Id*. at 121.

First, *Barnes* is a case originating in the District Court for the District of Columbia, rather than a sister court within the Eastern District of California or even within the Ninth Circuit. Second, and perhaps more importantly, *Barnes* is distinguishable based on its significantly different procedural posture. Unlike the plaintiff in *Barnes*, Plaintiff here timely opposed Defendant's motion to dismiss and in that regard conceded nothing. The court in *Barnes* made clear that its decision to rule on the motion to dismiss before the motion to amend weighted heavily the plaintiff's failure to timely respond to the motion to dismiss. 42 F. Supp. 3d at 116-20.

As underscored already, courts are to apply liberally the policy permitting amendments where justice so requires, and inferences generally are to be made in favor of amending. Accordingly, and in light of the minimal relevancy of *Barnes* to the instant matter, the Court is not persuaded that, as Defendant asserts, deciding Defendant's motion to dismiss before Plaintiff's motion to amend is dictated by "logic and fairness." ECF No. 17 at 3.

**C.     Defendant's Allegation of Claim Splitting**

Defendant centers much of its argument for its motion to dismiss on the allegation that Plaintiff has improperly split claims between his first and second action. ECF No. 5-1. The general prohibition on claim splitting stems from the doctrine of res judicata. *Trujillo v. City of Ontario*, 269 Fed. Appx. 683, 684 (9th Cir. 2008). In California, "res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow,* 81 Cal. App. 4th 725, 734 (2000) (internal quotations and citation omitted). If the court, causes of action, relief sought, and parties are the same, a suit is duplicative and therefore constitutes impermissible claim

splitting. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

It is not clear, however, that Defendant has adequately argued that Plaintiff engaged in improper claim splitting and that the claim splitting constitutes such an egregious offense that dismissal of this action is warranted, given the procedural history and legal circumstances outlined above. *See, e.g., Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (recognizing that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity"). The Supreme Court of California and the Ninth Circuit have recognized that PAGA claims are not subject to waiver or the Federal Arbitration Act, respectively, even when an individual's claims are arbitrable. *See Iskanian v. CLS Transp. Los Angeles*, LLC, 59 Cal. 4th 348 (2014); *Sakkab v. Luxottica Retail North American, Inc.*, 803 F.3d 425 (9th Cir. 2015). This raises at least some question as to whether PAGA claims truly overlap individual employee claims in the context presented here.

In addition, the case law relied upon by Defendant is unpersuasive. For instance, Defendant cites *Adams* in support of its claim splitting argument, ECF Nos. 5-1 at 4 and 16 at 6, but that case involves a plaintiff who filed a second action in the same court when her motion to amend her first action was denied based upon a missed deadline established in a scheduling order. 487 F.3d at 687-88.

Notwithstanding the above brief discussion, the Court need not decide the issue of the alleged impermissible claim splitting. The Court has found that granting Plaintiff leave to amend his complaint is appropriate, and with that leave, Plaintiff indicates the potential federal claim is removed. If the Court declines to exercise jurisdiction over an action with no remaining federal claims, it is appropriate to leave the question of claim splitting to be resolved in the state forum.

**D.** **Jurisdiction after Amendment**

Plaintiff contends that remand of this action is compelled by the prospect of an amended complaint that lacks a federal claim. ECF No. 13-1 at 5. Plaintiff argues that this Court "would lack

splitting. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

It is not clear, however, that Defendant has adequately argued that Plaintiff engaged in improper claim splitting and that the claim splitting constitutes such an egregious offense that dismissal of this action is warranted, given the procedural history and legal circumstances outlined above. *See, e.g., Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (recognizing that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity"). The Supreme Court of California and the Ninth Circuit have recognized that PAGA claims are not subject to waiver or the Federal Arbitration Act, respectively, even when an individual's claims are arbitrable. *See Iskanian v. CLS Transp. Los Angeles*, LLC, 59 Cal. 4th 348 (2014); *Sakkab v. Luxottica Retail North American, Inc.*, 803 F.3d 425 (9th Cir. 2015). This raises at least some question as to whether PAGA claims truly overlap individual employee claims in the context presented here.

In addition, the case law relied upon by Defendant is unpersuasive. For instance, Defendant cites *Adams* in support of its claim splitting argument, ECF Nos. 5-1 at 4 and 16 at 6, but that case involves a plaintiff who filed a second action in the same court when her motion to amend her first action was denied based upon a missed deadline established in a scheduling order. 487 F.3d at 687-88.

Notwithstanding the above brief discussion, the Court need not decide the issue of the alleged impermissible claim splitting. The Court has found that granting Plaintiff leave to amend his complaint is appropriate, and with that leave, Plaintiff indicates the potential federal claim is removed. If the Court declines to exercise jurisdiction over an action with no remaining federal claims, it is appropriate to leave the question of claim splitting to be resolved in the state forum.

**D.**     **Jurisdiction after Amendment**

Plaintiff contends that remand of this action is compelled by the prospect of an amended complaint that lacks a federal claim. ECF No. 13-1 at 5. Plaintiff argues that this Court "would lack

splitting. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

It is not clear, however, that Defendant has adequately argued that Plaintiff engaged in improper claim splitting and that the claim splitting constitutes such an egregious offense that dismissal of this action is warranted, given the procedural history and legal circumstances outlined above. *See, e.g., Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003) (recognizing that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity"). The Supreme Court of California and the Ninth Circuit have recognized that PAGA claims are not subject to waiver or the Federal Arbitration Act, respectively, even when an individual's claims are arbitrable. *See Iskanian v. CLS Transp. Los Angeles*, LLC, 59 Cal. 4th 348 (2014); *Sakkab v. Luxottica Retail North American, Inc.*, 803 F.3d 425 (9th Cir. 2015). This raises at least some question as to whether PAGA claims truly overlap individual employee claims in the context presented here.

In addition, the case law relied upon by Defendant is unpersuasive. For instance, Defendant cites *Adams* in support of its claim splitting argument, ECF Nos. 5-1 at 4 and 16 at 6, but that case involves a plaintiff who filed a second action in the same court when her motion to amend her first action was denied based upon a missed deadline established in a scheduling order. 487 F.3d at 687-88.

Notwithstanding the above brief discussion, the Court need not decide the issue of the alleged impermissible claim splitting. The Court has found that granting Plaintiff leave to amend his complaint is appropriate, and with that leave, Plaintiff indicates the potential federal claim is removed. If the Court declines to exercise jurisdiction over an action with no remaining federal claims, it is appropriate to leave the question of claim splitting to be resolved in the state forum.

**D.**     **Jurisdiction after Amendment**

Plaintiff contends that remand of this action is compelled by the prospect of an amended complaint that lacks a federal claim. ECF No. 13-1 at 5. Plaintiff argues that this Court "would lack

supplemental jurisdiction should [Plaintiff's] overtime claim be amended to not include individuals covered by a collective bargaining agreement." ECF No. 13-1 at 6. Plaintiff is mistaken.

"Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016). "Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id*. Instead, courts are guided by the principle that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ,* 484 U.S. at 350 n.7. The factors a court considers are judicial economy, convenience, fairness, and comity. *Id*.

Here, the Court declines to exercise jurisdiction over an action with no remaining federal claims. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997). This action does not present an unusual case. *Carnegie–Mellon Univ,* 484 U.S. at 350 n.7. The Court has found that granting Plaintiff leave to amend his complaint is appropriate, and with that leave, Plaintiff indicates the federal claim is removed. The balance of factors supports the Court's decision.

**E.     Conclusion**

The balance of *Foman* factors weigh heavily in favor of allowing Plaintiff to amend his complaint. Defendant has failed to demonstrate a compelling reason to decide its motion to dismiss prior to Plaintiff's motion to amend, and this conclusion takes into consideration Defendant's argument that Plaintiff has impermissibly split claims. The Court finds that it would be "contrary to the spirit of the Federal Rules of Civil Procedure," which favors "decisions on the merits," rather than decisions on "mere technicalities," if this Court were to decide Defendant's motion to dismiss before Plaintiff's motion to amend. *Foman,* 371 U.S. at 181.

# V. **ORDER**

For the reasons stated above, Plaintiff's motion preference is accepted, ECF Nos. 14 and 15, and his Motion for Leave to Amend, ECF No.13, is GRANTED. Defendant's Motion to Dismiss is DENIED as MOOT. ECF No. 5.

Within five days of electronic service of this order, Plaintiff shall file a clean (i.e., not redlined), signed copy of the lodged complaint, ECF No 13-2, Ex. A, together with a proposed Order for Remand.

IT IS SO ORDERED.

Dated: **August 1, 2019**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE